Parker, C. J.
In the case of The Inhabitants of Petersham vs. The Inhabitants of Dana, (1) it was decided that, by the statute of 1789, c. 14, an illegitimate child, which had the settlement of its mother at the time of its birth, would acquire a new settlement with the mother, until it should acquire one in its own right. * In the case of The Inhabitants of Boylston vs. The Inhabitants of Princeton, (2) it was settled that, under the statute of 1793, c. 32, now in force, an illegitimate child retains the settlement derived from the mother at the time of its birth, without being affected by any settlement subsequently gained by the mother.
The construction of these two statutes being thus judicially settled, we have only to inquire how the case stood with respect to the settlement of illegitimate children before they were passed ; the pauper in question having gained a settlement in some place before those statutes were in force.
Under the provincial act of 7 Geo. 3, c. 3, illegitimate children acquired no settlement by birth, but had the settlement of their mother. At that period, the mother was capable of acquiring a new settlement by marriage; and the illegitimate child followed the settlement of the mother.
By the act incorporating the town of Randolph, (3) the inhabitants of that town were held to support all such poor persons as, at the time of passing the act, were, or before had been, or thereafterwards should be, inhabitants of that part of Braintree incorporated as Randolph, who then were, or might afterwards become, chargeable.
The pauper in question acquired no settlement by her birth in Newton, but had the settlement of her mother. This latter originally had a settlement in Braintree, by virtue of the settlement of her mother, who was a native of, and had a settlement in, that town. But upon her intermarriage with French, she was subject to change her settlement with her husband. His settlement was in Randolph, by virtue of the provisions of the act incorporating that *328 town His wife’s settlement was transferred with his; that of her illegitimate daughter followed ; and the pauper, who was the child of this daughter, has her legal settlement in the same place. So that this action cannot be maintained.

Plaintiffs nonsuit

 12 Mass Rep. 429.

 13 Mass. Rep. 381

 Slat. 1792, c. 49