# The Inhabitants of NORTH BRIDGEWATER *versus* The Inhabitants of EAST BRIDGEWATER.

A man and a woman having their settlements in the same town, intermarried, and the town being afterwards divided into two towns, it was *held*, that the wife took the settlement of her husband, in one of the two towns, although but for the marriage her settlement would have been in the other: and that the settlement of her illegitimate child, born before the marriage and before the *St.* 1793, *c.* 34, which had acquired no settlement in its own right, changed with and followed the settlement of its mother.

ASSUMPSIT for expenses incurred for the relief and support of Aaron Dorren, a pauper.   The question was whether his settlement was in East Bridgewater.

*Eddy*, for the plaintiffs, cited *East Bridgewater* v. *Bridgewater*, 2 Pick. 572 ; *Bridgewater* v. *West Bridgewater*, 9 Pick. 58 ; *Boylston* v. *Princeton*, 13 Mass. R. 381 ; Com. Dig. *Justices of the Peace, B* 71 ; *Rex* v. *St. Botolph's*, Burr. Set. Cas. 367 ; *Cumner* v. *Milton*, 1 Salk. 528 ; *Rex* v. *Hemlington*, 1 Doug. 9, note 2.     *Oct. 24th.*

*W. Baylies* and *Young*, for the defendants, cited *St.* 1821, *c.* 12 ; *St.* 1823, *c.* 31 ; *St.* 1793, *c.* 34 ; *St.* 1789, *c.* 14 ; *Prov. St.* 1767, Ancient Charters &c., 663 ; *Petersham* v. *Dana*, 12 Mass. R. 429 ; *Newton* v. *Braintree*, 14 Mass. R. 382 ; *Chelsea* v. *Malden*, 4 Mass. R. 135 ; *Andover* v. *Canton*, 13 Mass. R. 550 ; *Wright* v. *Wright*, 2 Mass. R. 110 ; *Rex* v. *Leeds*, 4 Barn. & Ald. 498 ; 1 Bl. Com. 363 ; *Shirley* v. *Watertown*, 3 Mass. R. 322 ; *Dedham* v. *Natick*, 16 Mass. R. 135 ; *Hobey* v. *Kingsbury*, 1 Str. 527.

·WILDE J. drew up the opinion of the Court.   The pauper is the son of James Dorren and Lucy his wife, and has a derivative settlement from his mother, his father being a foreigner who has never been naturalized.   Lucy Dorren, the wife of James, was the illegitimate child of one Molly Aggerton, and was born about fifty years since, in that part of Bridgewater which is now East Bridgewater.   She, however, acquired no settlement by birth, but had a derivative settlement from her mother.   *Andover* v. *Canton*, 13 Mass. R. 550 ; *Newton* v. *Braintree*, 14 Mass. R. 382.   Molly Aggerton the mother had a legal settlement in Bridgewater, by residing in that part     *May term 1833, at Plymouth*

of the town which is now East Bridgewater, and but for her marriage with John Willis, her settlement and the pauper's would be now in the latter town. But John Willis had a settlement in that part of Bridgewater which is now North Bridgewater, and upon Molly Aggerton's intermarriage with him, her settlement changed and followed his. Lucy Dorren was then a child about four years of age, and her settlement followed her mother's. Lucy Dorren continued in the part of Bridgewater which is now East Bridgewater, until she was seven years old, when she went to reside with her mother and Willis, in the part which is now North Bridgewater, where they have all ever since resided.

It has been argued for the plaintiffs, that as Molly Aggerton had a settlement in Bridgewater by a residence in the part of the town which is now East Bridgewater, her settlement was not changed by her marriage; and this would be true, if there had been no division of the town. But by the incorporation of the town of North Bridgewater John Willis had a settlement in that town, and his wife's settlement must follow his, otherwise they might be separated. This the law will not allow. Molly Aggerton's settlement is therefore clearly in North Bridgewater, Lucy Dorren's settlement follows her mother's, and the pauper, the son of Lucy Dorren, has a derivative settlement from her in the same town. This point was decided in *Newton* v. *Braintree*, 14 Mass. R. 382, which cannot be distinguished from the present case.

*Plaintiffs nonsuit.*